[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On or about February 15, 1995, Jennifer Held was involved in a motor vehicle accident in which she sustained severe injuries. On May 4, 1998, the plaintiff, Gerald J. Kristofak (Kristofak), conservator of the estate of Jennifer Held, filed a four count revised complaint. In the complaint, Kristofak alleges that the accident was caused by a defective and unreasonable braking system in Held's 1994 Chevrolet Cavalier. He asserts that General Motors Corp. (GM) manufactured the automobile and that the defendant, Salem, Inc. (Salem) sold the automobile. In count one, Kristofak asserts a product liability claim pursuant to General Statutes § 52-572m et seq. against GM. In count two, Kristofak asserts a product liability claim pursuant to General Statutes §52-572m et seq. against Salem. In count three, Kristofak asserts a claim against GM for violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In count four, Kristofak asserts a claim against Salem for violations of CUTPA.
On May 18, 1998, GM filed a motion to strike count three of Kristofak's revised complaint and a memorandum of law in support thereof arguing that the CUTPA claim is legally insufficient because it is barred by the exclusivity provision of Connecticut's Product Liability Act, General Statutes § 52-572n(a). On June 21, 2000, the court (Doherty, J.) denied GM's motion to strike and held that a CUTPA claim may be pleaded in conjunction with a product liability claim.[1]
On February 23, 2000, Salem filed a motion to strike count four of Kristofak's revised complaint and a memorandum of law in support thereof setting forth an argument identical to the one GM asserted in its motion to strike, namely that the CUTPA claim is legally insufficient because it is barred by the exclusivity provision of Connecticut's Product Liability Act.[2] In count four Kristofak specifically alleges that Salem violated CUTPA by engaging in false, misleading and deceptive acts or practices in one or more of the following ways: (1) by failing to comply with express and implied warranties regarding the condition of Jennifer Held's vehicle; (2) by engaging in calculated, deceitful and unfair conduct that created a dangerous condition by placing the vehicle into the stream of commerce when it knew or should have known of the defective automatic braking system and/or the mechanical braking system; (3) by making no effort to correct the defective braking condition despite CT Page 14353 repeated demands; and (4) by engaging in practices that violated public policy by placing the defective automobile in the stream of commerce when it knew or should have known of the defective braking system.
At short calendar on July 9, 2001, Kristofak and Salem were before this court (Rogers, J.) for oral argument on Salem's motion to strike count four. Kristofak orally opposed Salem's motion to strike, arguing that count four is legally sufficient because, in Judge Doherty's memorandum of decision denying GM's motion to strike, the court held that a CUTPA claim may be pleaded in conjunction with a product liability claim and this is the law of the case. In response, Salem orally represented to this court that it was unaware of Judge Doherty's memorandum of decision. This court then granted Salem time to review the memorandum of decision and respond accordingly. On August 22, 2001, Salem filed a supplemental memorandum in support of its motion to strike arguing that Judge Doherty's ruling is not the law of the case and that this court should adopt the reasoning of the line of Superior Court cases that hold that a CUTPA claim may never be pleaded in conjunction with a product liability claim.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of a trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action. " (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged.' (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters. Jr., P. C., 252 Conn. 623, 749 A.2d 630 (2000). "Any adverse party who objects to this motion shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with [s]ections 10-12 through 10-17 a memorandum of law." Practice Book § 10-42(b). "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . [I]t expresses the practice of judges generally to refuse to reopenwhat has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of CT Page 14354 the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Emphasis in original.) Miller v. Kirshner, 225 Conn. 185, 191, 621 A.2d 1326 (1993).
The issue before this court is whether the exclusivity provision of Connecticut's Product Liability Act, General Statutes § 52-572n (a), bars a CUTPA claim from being pleaded in conjunction with a product liability claim. "General Statutes § 52-572n (a) provides, [a] product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product. . . . Neither of our appellate courts has ruled as yet whether § 52-572n (a) bars a statutory cause of action under CUTPA in a product liability complaint. The many Superior Court decisions addressing this issue are divided, some holding that a CUTPA claim cannot be joined with a CPLA claim, others concluding that it can. " (Citations omitted; internal quotation marks omitted.) Gaetano v.Reich, Superior Court, judicial district of Waterbury, Docket No. 142920 (March 11, 1998, Vertefeuille, J.) (21 Conn. L.Rptr. 536). "Some courts have held, by a reading of the statutory language, that all CUTPA claims are barred by virtue of § 52-572n (a). Others have held, with reference to legislative history. that none are barred by that section. Those in the third category analyze the pleadings to determine whether the CUTPA claim is "functionally equivalent' to an action cognizable under the Products Liability Act; if so, it is barred" Morin v. Iron AgeCorp., Superior Court, judicial district of Hartford, Docket No. 596954 (October 6, 2000, Beach, J.) (28 Conn. L.Rptr. 356, 357). "Pursuant to the "functionally equivalent' test, the plaintiff must simply plead facts in the CUTPA count beyond those necessary to support a product liability cause of action. " Geissler v. Ford Motor Co., Superior Court, judicial district of Litchfield, Docket No. 061609 (January 13, 1994, Dranginis,J.) (10 Conn. L.Rptr. 618, 619).
Two different judges previously addressed this issue in the context of this specific ease, each holding that a CUTPA claim may be pleaded in conjunction with a CPLA claim. Specifically, Justice Vertefeuille sustained Kristofak's memorandum in opposition to Salem's motion to strike count four citing (Gaetano v. Reich, supra,21 Conn. L.Rptr. 536. In Gaetano, the court held that "[b]ecause § 52-572n was adopted when the CUTPA statutes already existed and the CUTPA cause of action was not expressly precluded in the statute, the court presumes that the legislature did not intend to preclude the joining of a CUTPA claim with a claim under CPLA." Id., 536-37. This holding is consistent with the line of Superior Court cases that rely on legislative history in holding that a CUTPA claim may be pleaded in conjunction with a product liability claim. CT Page 14355
This issue was revisited in GM's motion to strike the product liability claim Kristofak asserted against it. The court denied the motion employing the "functional analysis" test. In its memorandum of decision, the court stated that "[h]aving considered the relevant facts in this case, the court finds that the motion to strike count three of the revised complaint should be denied because the plaintiff alleges that GM engaged in `false. misleading and deceptive acts or practices to sustain an action under CUTPA, and are not required to sustain a product liability claim. A plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. Allegations set forth in the product liability count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liability count, would be sufficient to allow the court to hold that [the] CUTPA claim is not functionally identical. This view accords with the decisions that state that the CPLA does not preclude a CUTPA claim irrespective of how the claim is pleaded because the statutes have different purposes. CUTPA was passed to address unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce, and the CPLA addresses issues of manufacturing and design of products." (Citations omitted; internal quotation marks omitted.) Kristofak v.General Motors Corp., Superior Court, judicial district of Waterbury, Docket No. 145041 (June 26, 2000, Doherty, J.) (27 Conn. L.Rptr. 378, 380).
The decisions of Justice Vertefeuille and Judge Doherty clearly establish the law of the case in this particular matter. It is therefore unnecessary and inappropriate for this court to revisit this issue independently. Furthermore, Salem did not present this court with any compelling argument to warrant a departure from the established law of the case. Accordingly, Salem's motion to strike count four of the revised complaint is denied.
 ROGERS, J. SUPERIOR COURT JUDGE